# Supreme Court of Florida

_____

No. SC19-2018

_____

**IN RE: AMENDMENTS TO THE SUPREME COURT RULES RELATING TO ADMISSIONS TO THE BAR.**

January 23, 2020

PER CURIAM.

The Court, on its own motion, amends the Rules of the Supreme Court Relating to Admissions to the Bar. We have jurisdiction. *See* art. V, § 15, Fla. Const.

Rule 4-22 of the Rules of the Supreme Court Relating to Admissions to the Bar enumerates the possible subjects that can be tested on Part A of the General Bar Examination, which is administered to individuals seeking admission to The Florida Bar.[1] At the suggestion of the deans of Florida's twelve law schools, and

_____

1. The Florida Bar Examination currently consists of a General Bar Examination and the Multistate Professional Responsibility Examination (MPRE). Fla. Bar Admiss. R. 4-11. The General Bar Examination consists of two parts, Part A and Part B. Fla. Bar Admiss. R. 4-20. Part A is developed by the Florida Board of Bar Examiners and includes a combination of essay and multiple-choice questions, and Part B is the Multistate Bar Examination (MBE), which is

following a discussion between the deans and the Florida Board of Bar Examiners, with members of the Court participating, we amend rule 4-22 to remove two subject areas, juvenile delinquency and dependency, from the list of possible subjects to be tested. We remove these two subject areas because we agree with the law school deans that these subjects test specialized knowledge falling outside the general competency that the General Bar Examination is intended to test. Rule 4-21 of the Rules of the Supreme Court Relating to Admissions to the Bar provides that the purpose of the General Bar Examination is to "test the applicant's ability to reason logically, to analyze accurately the problem presented, and to demonstrate a thorough knowledge of the fundamental principles of law and their application." We believe that amending rule 4-22 to eliminate these two subject areas will increase the validity of the Florida Bar Examination by allowing law school graduates to engage in more thoughtful analysis of core legal subjects instead of memorizing highly technical rules and information for a limited period of time.

Accordingly, we thank the law school deans for their input and amend the Rules of the Supreme Court Relating to Admission to the Bar as reflected in the appendix to this opinion. The new language is indicated by underlining; deletions are indicated by struck-through type. These amendments shall take effect

developed by the National Conference of Bar Examiners. *Id.*; *see* Fla. Bar Admiss. R. 4-23.

immediately upon the release of this opinion and will apply prospectively, beginning with the first 2020 examination.  Because the amendments were not published for comment prior to their adoption, interested persons shall have seventy-five days from the date of this opinion in which to file comments with the Court.[2]

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, and MUÑIZ, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Rules of the Supreme Court of Florida Relating to Admissions to the Florida Bar

---

2. All comments must be filed with the Court on or before April 7, 2020, with a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case.  If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Florida Courts E-Filing Portal (Portal) in accordance with In re Electronic Filing in the Supreme Court of Florida via the Florida Courts E-Filing Portal, Fla. Admin. Order No. AOSC13-7 (Feb. 18, 2013).  If filed by a nonlawyer or a lawyer not licensed to practice in Florida, the comment may be, but is not required to be, filed via the Portal.  Comments filed via the Portal must be submitted in Microsoft Word 97 or higher.  *See* In re Electronic Filing in the Florida Supreme Court, Fla. Admin. Order No. AOSC17-27 (May 9, 2017).  Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927; no additional copies are required or will be accepted.

# APPENDIX

**4-22 Part A.** Part A will consist of 6 one-hour segments. One segment will include the subject of Florida Rules of Civil and Criminal Procedure and the Florida Rules of Judicial Administration. Questions on the Florida Rules of Judicial Administration will address only the following areas: disqualification of trial judges; public access to judicial branch records; minimization of the filing of sensitive information; the qualifications, restrictions, and conditions pertaining to attorneys in their representation of clients in Florida courts; and the signature of attorneys and parties on pleadings and other papers. The remaining 5 segments, each of which will include no more than 3 subjects, will be selected from the following subjects including their equitable aspects:

(a) – (h) [no change]

(i) criminal law~~,~~ <u>and</u> constitutional criminal procedure~~, and juvenile delinquency~~;

(j) – (k) [no change]

*(l)* family law ~~and dependency~~;

(m) – *(o)* [no change]